Marvin R. LEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-17103.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1972.

Ed Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge.

Appellant, Marvin R. Lee, hereinafter referred to as defendant, was convicted in a non-jury trial in the District Court of Tulsa County, Case No. CRF–71–475, for the crime of Possession of Marihuana, and his punishment was fixed at a term of four years imprisonment. This appeal was summarily submitted under Rule 4.5, subd. C of this Court, for examination for fundamental error.

We have carefully examined the record and finding no error which would require modification or reversal, are of the opinion that the judgment and sentence appealed from should be affirmed. In affirming this conviction, without modification, we are not unmindful of the assertion that certain unexplained excerpts from the record, taken out of context, might infer that the trial court may have considered immaterial, irrelevant, and incompetent matters, but when the colloquy between the Judge and counsel for defendant is considered in its entirety [1], it is readily apparent that the trial judge did not consider immaterial, irrelevant and incompetent matters, but based his denial of a suspended sentence and assessed the punishment solely

1. THE COURT: That really isn't too material anyway. Very well, with these corrections and explanations I will order the clerk to file of record the original of the pre-sentence investigation and report. And as you noticed, Mr. Lee, the State Department of Corrections does not recommend you for probation. They conclude by reason of the matters contained in the report itself that you would be a maximum probation risk and having heard the trial of the matter on the stipulation and being *familiar with some of the allegations believed made in the affidavit* for the search warrant, this Court could not in good conscience grant you probation, so probation will be denied. [Emphasis added] MR. PARKS: I don't know if this is the proper place, Your Honor, but we do want to take exception to the Court considering the patent hearsay statements contained in the affidavit. We think it is grossly unfair for a person not to be able to face his accusers in that situation. We understand that we are not permitted to go behind the search warrant but if that is going to enter into Your Honor's thinking as far as probation is concerned, we would then ask to be permitted to do just that and to go behind the affidavit. I understand that is probably not the only reason that you are denying this young man probation but from your statement it certainly is being taken into consideration.
THE COURT: Perhaps we misunderstand each other, Mr. Parks. My concern is not the hearsay matter contained in the affidavit, and perhaps I misstated it, but the fact that there were other quantity of *other type drugs involved in this raid* to which demurrer is pending now. [Emphasis added] MR. PARKS: I see what you mean, I misunderstood you. THE COURT: I perhaps didn't make myself clear. No, I agree with you, the Court has no business taking into consideration third-hand hearsay. * * * "

on the basis of the competent evidence presented in open court.

We further observe that the punishment imposed was within the range provided by statute in force at the time the crime was committed, and while the action of the Legislature in subsequently reducing the punishment for such offense, might be a matter which the Pardon and Parole Board and the Governor should take into consideration in granting or denying parole, absent any showing that there was prejudicial matter introduced during the course of the trial which resulted in a greater punishment than that which would normally have been imposed, the subsequent reduction of punishment by the Legislature forms no basis for a reduction in punishment by the Court of Criminal Appeals.

We are of the opinion, and therefore hold, that the judgment and sentence fixing defendant's punishment at four years imprisonment should be, and the same is hereby affirmed.

BLISS, J., concurs.

BRETT, J., not participating.